Hon. JAMES BARRETT,  
Hon. HOMER E. ROYCE,  } Assistant Judges.  
Hon. JONATHAN ROSS,

---

### ROLLINS *v.* CHALMERS.

*Survivor of Actions under the Bastardy Act.*

The right of the mother of an illegitimate child to prosecute the putative father under the Bastardy Act, dies with her. Nor can the town on which the support of the child may be cast, prosecute after her death.

COMPLAINT FOR BASTARDY. The case appears from the opinion. At the December Term, 1876 the defendant moved to dismiss the complaint, for that the action did not survive; but the court, REDFIELD, J., presiding, overruled the motion; to which the defendant excepted.

*Roswell Farnham*, for the defendant.

By the common law, personal actions do not survive. *Actio personalis moritur cum persona.* This includes actions for wrongs committed to the person, feelings, or reputation ; as, for assault, libel, slander, or seduction of a daughter. 3 Bl. Com. 302 ; 1 Chit. Pl. 68 ; *Broumer* v. *Sturdevant*, 9 Ga. 68.

An action under a special statute for bastardy must come under the same rule, unless specially excepted by statute. Our statute adds to the list of actions that survive by the common law, eject- ment, or other actions to recover possession of lands, replevin, trover, and actions of trespass and trespass on the case for dam- ages done to real or personal estate, and for the death of a person caused by the wrongful act, neglect, or default of another. Gen. Sts. 391, ss. 10, 15. But the cause of action in this case is not included in any of the above enumerated cases. And the over- seer of the poor cannot revive the action by entering to manage the suit, any more than the administrator can by entering to pros- ecute. The death of the plaintiff abates the suit, and that is the end of it. Gen. Sts. 493, s. 12.

*E. W. Smith*, for the plaintiff.

As the case shows and is made of record, it is a bastardy proceed- ing commenced by the mother of the bastard child after its birth, the child still being alive, in accordance with the statute, c. 24. No question is made but that the prosecution was regularly com- menced. The only question is whether the overseer of the poor has the right to enter and prosecute the case to final judgment, after the death of the mother. The suit is not for the benefit of the mother, but the town is the real party interested, especially if the child's support falls upon it, as it would be likely to after the death of the mother, if the father cannot be compelled to support it. But we think the suit is in the name of the mother merely as matter of form, and that such is the contemplation of the statute. *Sisco* v. *Hammond*, 9 Vt. 129.

Again we think that s. 11, c. 24, Gen. Sts., fairly implies that this action survives. Sec. 12 of the same chapter expressly gives the overseer of the poor the right to commence a prosecution in

the name of the woman, or to enter in a case already commenced by her, at any time, and pursue the same to final judgment. How then can he pursue the case to final judgment if the woman's death or marriage (for we think both contingencies stand alike by the statute) ends the suit. Gen. Sts. c. 24, ss. 11, 12; Reeve Dom. Rel. 281; 9 Vt. 129.

Again, we think in view of the objects to be attained by the statute, the statute should be liberally construed to effect its object. It may be that in this class of cases it is not necessary for the administrator to enter to prosecute the suit, but that the same would be carried on by the overseer, in the name of the woman; but that question is not raised in this case, and cannot defeat the action. But suppose it is necessary for him to enter, as he has done in this case, does not the action survive to him by the statute? 4 Edwd. III, c. 7; 1 Chit. Pl. 59.

The opinion of the court was delivered by

Ross, J. This is a proceeding under the statute for a judgment of affiliation and orders on the defendant to aid in the support of the illegitimate child of the prosecutrix. After the proceedings were properly commenced before a justice of the peace, and before the case was entered in the County Court, the prosecutrix (the mother of the child) deceased, her child surviving her. On the case being entered in the County Court, the administrator of the prosecutrix and the town of Newbury entered to prosecute; whereupon the defendant moved to dismiss the proceedings, on the ground that the action did not survive. Whether such actions survive, is the only question for consideration. The common law provided no way for ascertaining the father of an illegitimate child, and cast no legal duty upon such father to aid in its support. Such child was *filius nullius,* and the duty of its support was cast wholly upon the mother. Hence, as no such action against, or liability of, the putative father, existed under the common law, the action did not survive by that law. By the provisions of the statute (Gen. Sts. c. 52, ss. 10, 11, 15) certain actions survive which did not by the common law. This statute saves to and against the representatives of deceased persons only

such actions as survived at common law, and such as are specifically therein named. This action does not fall within the statute. It is hardly claimed that it survived to the intestate's administrator so that he had the right to enter and prosecute the action; but it is claimed that the town of Newbury has, under the statute, the right to be relieved in part from the support of this illegitimate pauper child, and to obtain that relief from the putative father. All the provisions of c. 74, Gen. Sts., relative to a town's right to intervene in proceedings for a judgment of affiliation and orders for the support of illegitimate children, make the right of the town subordinate to that of the mother, and to be wrought out in the name of and through the mother. Hence, if the right of the mother to maintain such proceedings dies with her, the subordinate right of the town on which the support of the child may be cast, ends with the life of the mother. This question of survivorship in this class of cases was before this court in Franklin County, in an unreported case, within the last five years. It was held in that case, and we think correctly, that the action did not survive. The judgment of the County Court overruling the motion to dismiss is reversed, and judgment rendered that the cause does not survive, and that the same be dismissed, and that the defendant and his bail be discharged.